Hutchins, Adm'r. v. Adams.

HUTCHINS, *Adm'r, vs.* ADAMS.

An administrator may maintain *trespass* for an injury to personal property committed after the death of the intestate, and before administration granted.

And if the property be described in the writ as the property of the deceased, without saying of the administrator, it is sufficient after verdict.

THIS case came before the Court upon exceptions to the opinion of *Smith* J. in the Court below, in overruling a motion there made by the defendant in arrest of judgment.

The action was trespass against the sheriff of this county, brought by the administrator on the estate of *James Hutchins*, deceased, for taking a yoke of oxen, alleged in the writ to be the

property of the deceased, and of the value of forty dollars. In the defence, upon the general issue, the taking was justified under a precept against one *David Hutchins*, a son of the deceased, whose property the oxen were alleged to be.

The plaintiff offered this son as a witness, who was objected to, as being interested in the estate as heir at law ; but he was admitted, on his signing a receipt to the plaintiff, of the following tenor ;—" *March* 10, 1824. In consideration of one dollar " received of *James Hutchins*, administrator on the estate of *David* " *Hutchins*, late of *New-Portland*, deceased, and my late father, "I release and discharge the said *James* from any claim or sup- " posed claim on said estate, or any right whatever to the same. " *David Hutchins* ;"—it being at the same time proved that the father left no real estate.

This witness testified that five or six years ago he received of his father a cow and a pair of yearling steers ; and for the profits which he might derive from the cow, he was to keep the steers till the father should call for them ;—and that he kept both the cow and steers, till the latter, being the oxen mentioned in the writ, were taken by a deputy of the defendant as the property of the witness, about two years after the decease of his father. No administrator was appointed till after the taking of the oxen.

Hereupon the counsel for the defendant objected that the plaintiff could not recover, because, at the time of the taking, there was no administrator on the estate of the deceased ; and no demand was ever made on the sheriff for the oxen, which were never in the possession of the administrator. These objections the Judge overruled ; and the jury returned a verdict for the plaintiff, assessing his damages at forty five dollars. The defendant thereupon moved in arrest of judgment,—1st. that the verdict was for a greater sum than the plaintiff in his declaration had alleged the property to be worth ;—2d. that the oxen were not alleged to be the property of the plaintiff.

*Pope* and *H. Belcher*, for the defendant, contended that the witness was improperly admitted, the release being insufficient to discharge the administrator from his claims. A decree of distribution in the Probate Court must be made in favor of the son ;

which being a judgment, would not be barred by the paper filed in this case.    *White v. Derby* 1 *Mass.* 239.    As to the action, they insisted either that it was wholly misconceived, being *tres-pass*, which cannot be supported by proof of property alone, without possession ;—or, that the plaintiff should have shewn a demand of the oxen before action brought.    Such demand every officer is entitled to, who by mistake seizes the goods of a stranger which are intermingled with those of the debtor ;—and especially in this case, where the administrator himself could have no greater rights than his intestate, who leased his oxen to be kept *till demanded*.    1 *Esp. Dig.* 383.    2 *Chitty Pl.* 329.

To the second ground of the motion in arrest of judgment they cited 1 *Esp. Dig.* 406.    And they argued that the case not shewing any ground of damages beyond the value of the property, this ought not to have been estimated beyond the price fixed by the plaintiff himself. ,

*Greenleaf* and *Haskell* for the plaintiff.

MELLEN C. J.    The proper averment in this case would have been that the oxen were the property of the plaintiff *as administrator* of the estate of the deceased,—2 *Chitty* 327—as in trover. But the allegation in the writ in this case may now be considered as sufficient, the omission, as well as that of the words *contra pacem*, being cured by the verdict.    1 *Saund.* 228 *c*.    *Stat.* 1821, *ch.* 59, *sec.* 16.    The motion in arrest of judgment is therefore overruled.

Neither can the motion for a new trial prevail.    An administrator may maintain an action of trespass for an injury to personal property committed *after the death* of the owner, and *before* administration granted.    1 *Chitty Pl.* 166.    *Smith & al. v. Miller* 1 *D. & E.* 480.    2 *Saund.* 47, *note k*.    Here the lease of the cattle was terminated by the death of the owner ; and as soon as the plaintiff was appointed administrator, the property vested in him, and drew after it the possession. 2 *Saund.* 47, *note* 1.    Of course no demand was necessary prior to the commencement of the action.    The act of the defendant was a violation of the plaintiff's rights and possession as administrator.    As to the release, we

consider it sufficient to remove any objection to the competency of the witness.

The exceptions are overruled, and the judgment of the Court of Common Pleas is affirmed.